UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ASHLEY,

    *Plaintiff*,

CASE NO. 10-CV-10512

v.

DISTRICT JUDGE AVERN COHN
MAGISTRATE JUDGE CHARLES E. BINDER

GERALDINE WILSON,
DENNIS CRANE, and
KATHERINE CORRIGAN,

    *Defendants*.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Carl Ashley is a state prisoner who is incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. On February 5, 2010, Plaintiff filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, asserting that his federal right to due process, his federal right to receive mail, and his state right to a fair hearing were violated when he was not allowed to receive a 2010 calendar that came to him through the mail from an approved vendor, despite the statement in the policy directives of the Michigan Department of Corrections (MDOC) that "unbound calendars received through the mail are permitted." MDOC PD 04.07.112(E)(2) (effective Nov. 15, 2004).

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on February 9, 2010. On February 19, 2010, U.S. District Judge Avern Cohn referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92

S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

## C. Analysis and Conclusions

I suggest that Plaintiff's claims fail to rise to the level of a federal civil rights violation cognizable under 42 U.S.C. § 1983. First, to the extent Plaintiff claims that the rejection of the calendar constituted an unauthorized deprivation of property without due process, I suggest that the claim fails. A prisoner asserting a due process violation with regard to the deprivation of personal property must demonstrate either (1) that his loss resulted from an established unconstitutional state procedure, or (2) that a "random and unauthorized" act caused his deprivation and that no state remedies are available to compensate him for his loss. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709-710 (6th Cir. 2005). In this case, because Plaintiff is not complaining of an established prison policy condoning the unconstitutional deprivation of his property (in fact he claims just the opposite – that pursuant to MDOC policy he should have been allowed to possess the calendar), he must satisfy the second test. Thus, in order to succeed, Plaintiff must both plead and prove that state remedies for redressing an alleged wrongful deprivation are inadequate. *Hahn*

*v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Plaintiff cannot do so, as the Sixth Circuit Court of Appeals has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Second, to the extent that Plaintiff claims that Defendants' refusal to follow their own policies violated his rights, he fails to state a claim. Claims under § 1983 may not be based upon alleged violations of state law or policies, nor may federal courts order state officials to comply with their own law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *see also Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable interest). Because Plaintiff does not enjoy any federally protected liberty or property interest in state procedure, he fails to state a due process claim based on Defendants' refusal to follow MDOC policy. *See Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994).

Third, with regard to Plaintiff's claim of a violation of his right to receive mail, courts have long held that an isolated incident of mail interference in a prison setting does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974).

Finally, with regard to Plaintiff's claim of a violation of Michigan law, I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the state law claim. *Id.* at

726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")  *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over any surviving state law claim).

Accordingly, I suggest that the case be *sua sponte* dismissed for failure to state a claim.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ Charles E Binder
    CHARLES E. BINDER
Dated: March 3, 2010    United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail Carl Ashley, #136985, Thumb Correctional Facility, 3225 John Conley Dr., Lapeer, MI, 48446-2987; and served on District Judge Cohn in the traditional manner.


Date: March 3, 2010                      By     *s/Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder